FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP 

Direct Line: +1.202.639.7265
Email: nicole.jantzi@friedfrank.com

December 15, 2023

**Via ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 1:23-cv-09152-LGS

Dear Judge Schofield:

    Pursuant to Rule III.C.2 of Your Honor's Individual Rules and the Court's December 6, 2023 order (Dkt. No. 53), Defendants Bloomberg L.P. and Bloomberg Finance L.P. (together, "Bloomberg") write to inform the Court of their intent to move to dismiss all causes of action asserted against them in Plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

    It is hard to imagine a clearer case of fair use than Bloomberg—a world-leading news-gathering and reporting company—engaging in a not-for-commercial-use research project into the potential for a generative AI large language model ("LLM") to improve performance on tests in a finance setting. Nonetheless, Plaintiffs assert claims for copyright infringement (direct and indirect), for violations of the Digital Millennium Copyright Act ("DMCA"), and for conversion, negligence, and unjust enrichment under state law simply because their works were allegedly "used" to the limited degree necessary to support the training of BloombergGPT. But just as a student must read the work of others to learn syntax, grammar and concepts, it should be no surprise (nor is it an act of copyright infringement) that an AI model built to emulate human thinking must also do so.

    As Bloomberg will further explain in its formal briefing of these issues, Plaintiffs' Complaint should be dismissed in its entirety.[2]

---

[1]     Bloomberg proposes the following briefing schedule: January 26, 2024 (opening papers); February 23, 2024 (opposition papers); March 8, 2024 (reply papers).

[2]     Other courts have recently dismissed similar claims regarding generative AI models based on similar pleading deficiencies. *See Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2023 WL 7132064, at *1 (N.D. Cal. Oct. 30, 2023); *Kadrey v. Meta Platforms, Inc.*, 23-cv-03417, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023).

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

December 15, 2023
Page 2

### I. Plaintiffs Fail to State a Claim for Copyright Infringement (Claim 1)

It is well-settled that it is not an act of copyright infringement to extract and use information from otherwise copyrighted works. *See, e.g.*, 17 U.S.C. § 102(b); *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 350 (1991); *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 847 (2d Cir. 1997) ("*NBA*"). Bloomberg has done nothing more.

And to the extent Plaintiffs allege use of their "*expressive* information," Plaintiffs' copyright claims must be dismissed because any limited use of their works by Bloomberg has been "fair use." *See* 17 U.S.C. § 107.[3] Indeed, this Circuit has already acknowledged that Bloomberg's status as a reporter of financial information is significant to a fair-use analysis concerning Bloomberg's activities. *See Swatch Group Management Services, Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 82–84 (2d Cir. 2014). And here, it is dispositive, as the Complaint recognizes that Bloomberg's alleged "use" of Plaintiffs' works was for purposes of teaching (to "teach" the model, *e.g.*, grammar (Compl. ¶ 33)), research (to investigate the viability of such a project (*id.* ¶ 65)), and news reporting (one of Bloomberg's primary business objectives (*id.* ¶¶ 26–27)). Such "uses" are presumptively of a "purpose and character" within the meaning of § 107 and therefore do not constitute an infringement under the Copyright Act. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 736 (2d Cir. 1991).

In its formal briefing, Bloomberg will present an analysis of § 107's four fair-use factors that confirms the presumption. By way of preview, to the extent BloombergGPT "uses" Plaintiffs' works at all, such use is undoubtedly highly transformative in nature. A use is transformative if it "communicates something new and different from the original or expands its utility." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 214 (2d Cir. 2015). Here, Plaintiffs do not allege that BloombergGPT makes their works searchable or otherwise available to users to read. (It does not.) Nor do they allege that BloombergGPT is, or provides, a market substitute for their works. (It is not.) Nor do they allege that BloombergGPT has even been made available for public or commercial use. (It has not.) And while Plaintiffs allege that BloombergGPT is somehow itself a "derivative work," they do not allege (because they cannot) that BloombergGPT (a LLM) is somehow "substantially similar" to any of the allegedly infringed works (books), as they must to sustain a claim for copyright infringement. *Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 66 (2d Cir. 2020). Ultimately, as Plaintiffs appear to recognize, any use of their works by Bloomberg was to aid in the training of a generative AI model for research purposes.

### II. Plaintiffs Fail to State a Claim for Vicarious Copyright Infringement (Claim 2)

Meanwhile, to sustain a claim for vicarious copyright infringement, Plaintiffs must plead both (1) direct infringement, and (2) that Bloomberg "profit[ed] from [the] direct infringement while declining to exercise a right to stop or limit it." *Bus. Casual Holdings LLC, v. YouTube, LLC*, No. 22-cv-3007, 2023 WL 6842449, at *3 (2d Cir. Oct. 17, 2023). But Plaintiffs do not plausibly allege *any* third-party direct infringement (or even third-party use of BloombergGPT),

---

[3] Courts routinely dismiss copyright infringement at the pleading stage where the alleged infringement constitutes fair use. *Brown v. Netflix, Inc.*, 462 F. Supp. 453, 460 (S.D.N.Y. 2020).

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

much less the requisite financial benefit from or control over any such alleged infringement. These flaws are fatal to their claim.

### III.     Plaintiffs Fail to State a Claim for Violation of the DMCA (Claim 3)

Section 1202(b) of the DMCA prohibits "'intentionally remov[ing] . . . any copyright management information' with the knowledge (or with reasonable grounds to know) that doing so will 'induce, enable, facilitate, or conceal' an infringement of copyright." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 608 (S.D.N.Y. 2018). "To prevail on a claim for CMI removal, a plaintiff must show '(1) the existence of CMI on the [work at issue]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally.'" *Id.* (quoting *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010)). Section 1202(a)(1) similarly prohibits "provid[ing] copyright management information that is false" in connection with the copyright holder's original work. *Michael Grecco Productions, Inc. v. Time USA, LLC*, No. 20-cv-4875, 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021).

Here, Plaintiffs have failed to plausibly allege the "removal and/or alteration" of CMI from *Plaintiffs' original works,* as is required for a Section 1202(b) claim, let alone that the training process involved any "removal" of CMI at all.  Plaintiffs similarly fail to explain how Bloomberg allegedly conveyed any "false" CMI in connection with *Plaintiffs'* works.  And Plaintiffs' DMCA claim fails for the additional, independent reasons that they (1) have failed to allege "the existence of CMI on the allegedly infringed work" in more than a conclusory fashion, *Lixenberg v. Complex Media, Inc.*, No. 22-cv-354, 2023 WL 144663,  at *4 (S.D.N.Y. Jan. 10, 2023); and (2) failed to plausibly allege any facts that would satisfy the DMCA's "double scienter" requirement, *McGucken v. Shutterstock, Inc.*, No. 22-cv-905, 2023 WL 6390530, at *10–12 (S.D.N.Y. Oct. 2, 2023); *see also Krechmer v. Tantaros*, 747 F. App'x 6, 9–10 (2d Cir. 2018).

### IV.     Plaintiffs' State Law Claims Are Preempted (Claims 4–6)

The Copyright Act preempts state law claims where such claims (1) "seek[] to vindicate 'legal or equitable rights that are equivalent' to one of the bundle of exclusive rights already protected by copyright law" and (2) "the work in question is of the type of works protected by the [Act]."  *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 892 (2d Cir. 2011); *NBA*, 105 F.3d at 848–854; 17 U.S.C. § 301.

Plaintiffs' conversion and unjust enrichment claims each "involve[] a work . . . of the sort protected by federal copyright law," and "aim[] to vindicate rights analogous to the exclusive ownership and distribution rights guaranteed by federal copyright law." *Red Apple Media, Inc. v. Batchelor*, 636 F. Supp. 3d 468, 474 (S.D.N.Y. 2022) (finding conversion and unjust enrichment claims "plainly completely preempted").  Plaintiffs' negligence claim "is based on a duty not to infringe upon the intellectual property rights of the plaintiffs," merely restates their infringement claims, and is thus similarly preempted. *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 227–28 (S.D.N.Y. 2010).  And even if Plaintiffs' state law claims are not preempted (and they plainly are), each must be dismissed as insufficiently pleaded, as Bloomberg will demonstrate in its forthcoming motion.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

December 15, 2023
Page 4

Respectfully submitted,

_____
Nicole M. Jantzi
(nicole.jantzi@friedfrank.com)

FRIED, FRANK, HARRIS, SHRIVER &
   JACOBSON LLP
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7265

*Attorneys for Defendants Bloomberg L.P. and Bloomberg Finance L.P.*