FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



Direct Line: +1.202.639.7265
Email: nicole.jantzi@friedfrank.com

December 15, 2023

**Via ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 1:23-cv-09152-LGS

Dear Judge Schofield:

Pursuant to Rule III.A.1 of Your Honor's Individual Rules and Procedures, Defendants Bloomberg L.P. and Bloomberg Finance L.P. (together, "Bloomberg") write to request a pre-motion conference in connection with Bloomberg's anticipated motion to stay discovery pending resolution of its motion to dismiss and any motions to transfer venue.[1]

Plaintiffs, authors of various books who seek to represent a putative class, allege that Bloomberg infringed upon or unlawfully "used" their copyrighted materials when training BloombergGPT, a generative AI large language model (LLM) that Bloomberg developed through a not-for-commercial-use research project. Plaintiffs also assert separate claims against Meta and Microsoft regarding the training of a completely different LLM known as "LLaMA"—i.e., claims entirely unrelated to Bloomberg. And Plaintiffs assert yet separate claims against EleutherAI regarding its alleged compilation and distribution of certain datasets—again, conduct in which the Complaint does not even suggest (because it could not) Bloomberg was involved.

In view of (1) the strength of Bloomberg's arguments in support of dismissal, as set forth in its pre-briefing letter filed in advance of its anticipated motion to dismiss ("Dismissal Letter"), and the breadth and nature of the discovery at issue; and (2) significant uncertainty regarding whether Plaintiffs' separate claims against Meta, Microsoft and EleutherAI will proceed in this forum, if at all, Bloomberg respectfully submits that "extraordinary circumstances" (Individual Rule III.C.2) warranting a stay of discovery exist here.

---

[1] Bloomberg is prepared to participate in a pre-motion conference at the Court's convenience but respectfully submits that conducting the pre-motion conference during and as part of the initial pre-trial conference currently scheduled for January 17, 2024 would be sensible. Despite Bloomberg's repeated requests, Plaintiffs have failed to provide their position regarding Bloomberg's anticipated motion to stay discovery.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

December 15, 2023
Page 2

As an initial matter, the "good cause" factors courts evaluate to determine whether a stay of discovery pursuant to Fed. R. Civ. P. 26(c) is appropriate are easily satisfied here. The Court may find "good cause" to stay discovery under Rule 26(c) after considering: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

*First*, as summarized in Bloomberg's Dismissal Letter (Dkt. No. 54) and as will be further detailed in Bloomberg's motion to dismiss, Bloomberg's arguments that Plaintiffs' Complaint should be dismissed in its entirety are strong. Bloomberg's allegedly unauthorized "use" of Plaintiffs' copyrighted materials relates to the information contained in those materials, not their copyrightable expression and, regardless, falls squarely within the Copyright Act's definition of "fair use." Plaintiffs' copyright claims are thus barred. Meanwhile, Plaintiffs did not even attempt to allege "substantial similarity" between their copyrighted works and either BloombergGPT itself or any hypothetical output of the model, thus further dooming those direct infringement theories. Plaintiffs did not adequately plead any of the additional elements required to maintain their vicarious infringement claim. Plaintiffs' DMCA claim similarly fails to adequately allege any of the elements required to state such a claim, which is unsurprising, as Bloomberg does not distribute any of Plaintiffs' works. And Plaintiffs' state-law claims are clearly preempted by the Copyright Act, and in any event are insufficiently pleaded.

Importantly, the other district courts to have considered similar allegations regarding generative AI models have dismissed (without prejudice)[2] copyright, DMCA, and state law claims and have expressed significant doubt regarding their ultimate viability. *See Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2023 WL 7132064, at *1 (N.D. Cal. Oct. 30, 2023) (dismissing, inter alia, direct and indirect infringement, DMCA, and state law claims); *Kadrey v. Meta Platforms, Inc.*, 23-cv-03417, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023) (same). Here, Bloomberg's anticipated motion to dismiss will exceed the scope of the motions at issue in *Andersen* and *Kadrey*, providing multiple grounds for the dismissal of each of Plaintiffs' causes of action and confirming the significant defects apparent on the face of the Complaint.

Accordingly, Bloomberg's motion to dismiss will potentially eliminate the entire action, warranting a stay. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery pending determination of dispositive motion that would potentially eliminate entire action); *Gross v. Madison Square Garden Entm't Corp.*, No. 23-cv-3380, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (granting motion to stay discovery where there were "significant issues as to whether plaintiffs' claims . . . [were] time-barred," as well as "preemption issues"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming decision to stay discovery pending resolution of forum non conveniens motion, because permitting discovery would defeat the purpose of the motion). And even if Plaintiffs are permitted

---

[2] All claims in the *Andersen* and *Kadrey* cases were dismissed with leave to amend, except for the *Kadrey* plaintiffs' negligence claim, which was dismissed with prejudice. *Kadrey v. Meta Platforms, Inc.*, 23-cv-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023).

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

December 15, 2023
Page 3

to replead their faulty claims, any amended pleadings would need to be significantly altered in both content and scope to remedy the deficiencies outlined above and in Bloomberg's Dismissal Letter. Accordingly, a stay of discovery is warranted to preserve the Court's and the parties' resources. *Gross*, 2023 WL 6815052, at *2.

*Second*, in the course of preparing the parties' joint case management statement, Plaintiffs have already previewed the extensive discovery they seek, including the development and training of Bloomberg's model, and Bloomberg's internal strategy and business information. Plaintiffs' allegations with respect to Bloomberg are based entirely on articles relating to a "research paper" Bloomberg released (Compl. ¶ 65), which note that "Bloomberg researchers" have developed an initial model of BloombergGPT. Plaintiffs should not be permitted discovery into internal information relating to a highly complex and competitively sensitive project undertaken by internal researchers and engineers at this juncture, nor should Bloomberg be subjected to the burden and expense of such discovery at this juncture in view of the defects in Plaintiffs' Complaint. *BAE Sys. Information and Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, No. 23-cv-01860, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (granting stay of discovery, noting that "a significant portion of discovery will include sensitive information" and "[n]arrowing even some claims could thus materially lessen the burden and breadth."); *see also Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay of discovery where in light of "complex copyright and antitrust claims asserted, discovery is likely to be broad and significant" and a stay may "simplify[] and shorten[] discovery in the event that some of Plaintiffs' claims are dismissed").

*Finally*, a stay of discovery will not prejudice Plaintiffs. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software*, 206 F.R.D. at 368. Meanwhile, Bloomberg understands that Meta and Microsoft intend to move to sever and transfer all claims against them to the Northern District of California, and that EleutherAI may also challenge the propriety of these proceedings based on improper venue and/or lack of personal jurisdiction (Dkt. No. 52). Given that it is unclear which parties (and which claims) may remain in this case, allowing discovery to proceed during the pendency of Defendants' initial motions will undoubtedly result in the multiplication of discovery burdens on Plaintiffs, particularly in light of their class action allegations. A stay of discovery will reduce the burdens imposed on all parties and on the Court, in light of the uncertainty with respect to both the parties and claims that will remain, if any.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

December 15, 2023
Page 4

Respectfully submitted,

Nicole M. Jantzi
(nicole.jantzi@friedfrank.com)

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7265

*Attorneys for Defendants Bloomberg L.P. and Bloomberg Finance L.P.*