# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| **AMERICAS**<br>NEW YORK<br>SAN FRANCISCO<br>SÃO PAULO<br>SILICON VALLEY<br>WASHINGTON, D.C.<br>**ASIA**<br>BEIJING<br>HONG KONG<br>SEOUL | 1841 Page Mill Road, Suite 250<br>Palo Alto, CA 94304-1254<br>T: +1 650 815 4100<br><br>650 California Street, Suite 2000<br>San Francisco, CA 94108-2702<br>T: +1 415 796 4400<br><br>clearygottlieb.com<br><br>D: +1 (650) 815-4131<br>adunning@cgsh.com | **EUROPE & MIDDLE EAST**<br>ABU DHABI<br>BRUSSELS<br>COLOGNE<br>FRANKFURT<br>LONDON<br>MILAN<br>PARIS<br>ROME |

December 15, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
for the Southern District of New York
40 Foley Square, Room 1106
New York, NY 10007

**Re:  *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 1:23 Civ. 09152 (LGS)**

Dear Judge Schofield:

      After meeting and conferring with plaintiffs pursuant to the Court's December 6, 2023 Order (Dkt. 53), Meta Platforms, Inc. ("Meta") is pleased to report that the parties have reached agreement in principle that all claims against Meta and Microsoft Corporation should be severed and transferred to the Northern District of California, where consolidated cases involving overlapping federal claims, brought by substantially identical putative classes of plaintiffs, and raising identical legal and factual issues, are already being litigated against Meta.  *See Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23 Civ. 3417 (VC) (filed Jul. 7, 2023); *Chabon et al. v. Meta Platforms, Inc.*, No. 23 Civ. 4663 (VC) (filed Sep. 12, 2023) (hereinafter, "*Kadrey*" or the "First-Filed Suit").  Plaintiffs notified the Court of this agreement by letter of today's date, and the parties expect to file a stipulation with the Court next week formally seeking the agreed-upon relief.  (Dkt. 57.)  Meta now respectfully submits this letter to provide the basis for severance and transfer.

      Under the first-filed rule, "where an action is brought in one federal district court and a later action embracing the same issue is brought in another," the second court should "dismiss the second-filed case, transfer it to the first-filed district or stay the second case pending resolution of the first."  *Abbott Labs. v. Feinberg*, 477 F. Supp. 3d 57, 63-64 (S.D.N.Y. 2020) (Schofield, J.) (citing *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991)); *Henry v. JP Morgan Chase & Co.*, 2015 WL 13949710 (S.D.N.Y. May 11, 2015) (transferring second-filed case).  The rule "applies where the competing litigations involve merely *similar* issues and parties"; "the issues need not be identical, and the named parties need not be entirely the same."  *Santana v. Cavalry Portfolio Servs., LLC*, 2019 WL 6173672, at *5 (S.D.N.Y. Nov. 19, 2019) (emphasis in original; citation omitted); *see Wyler-Wittenberg v. Metlife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (transferring overlapping class action filed by different

Hon. Lorna G. Schofield, p. 2

named plaintiffs).  The rule serves to "avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." *Fleet Cap. Corp. v. Mullins*, 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004).  Where such overlap exists, "there is a strong presumption that a later lawsuit will be dismissed [or transferred] in favor of the first-filed lawsuit," *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012).  This case satisfies all requirements for transfer under the first-filed rule.

To begin, plaintiffs "assert the same rights, and seek relief based upon the same facts" as the First-Filed Suit.  *Santana*, 2019 WL 6173672, at *3.  *Kadrey* asserts claims against Meta for copyright infringement arising out of the training and capabilities of Meta's LLaMA large language generative AI model—the identical subject matter at issue here.  *Cf.* Compl. ¶¶ 91–99; *Kadrey* Am. Compl. (Dkt. 64) ¶¶ 28–29, 77–82.[1]  Plaintiffs are already part of the class alleged in *Kadrey*, and are seeking the same class-wide relief as plaintiffs there.  *Cf. Kadrey* Am. Compl. ¶ 83 & Demand for Judgment, *Huckabee* Compl. ¶ 82 & Request for Relief (both seeking copyright damages on behalf of U.S. owners of copyrighted works used to train Meta's LLaMA model).  It "would be patently unfair to require [Meta] to litigate the class issues here at the same time as those matters are being litigated in the first-filed action," risking inconsistent judgments concerning, *inter alia*, the sufficiency of pleadings, class certification, and applicable defenses, such as fair use.  *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013); *Thomas v. Apple-Metro, Inc.*, 2015 WL 505384, at *4 (S.D.N.Y. Feb. 5, 2015).

Moreover, the "balance of convenience" factors favor transfer, particularly as neither Meta nor *any* plaintiff resides in New York (Compl. ¶¶ 19–24, 28) (alleging that plaintiffs live in Arkansas, Tennessee, Texas, and Florida).  As this Court has held, "deference [to plaintiff's chosen forum] is 'diminished' where, as here, 'the forum selected is not the plaintiff's home forum or the place where the operative facts of the action occurred.'" *Teva Pharms. USA, Inc. v. Synthon Pharms. Inc.*, 2017 WL 11557018, at *2 (S.D.N.Y. Mar. 31, 2017) (granting transfer under 28 U.S.C. § 1404(a) in favor of first-filed suit); *Tate-Small v. Saks*, 2012 WL 1957709, at *4 (same, granting transfer of class action based on first-filed rule).[2]  In fact, Meta's principal place of business is Menlo Park, California, within N.D. Cal. (Compl. ¶ 28), making that district a superior forum with respect to, *inter alia*, the convenience of witnesses and parties, ease of access to relevant documents, the locus of operative facts, and ability to compel attendance of unwilling witnesses.  *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (listing "balance of convenience" factors relevant to transfer inquiry).

For the same reasons, transfer is also appropriate under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought ...."  Here,

---

[1] On November 20, 2023, Judge Chhabria dismissed overlapping state law claims for unfair competition and unjust enrichment with leave to amend.  (Kadrey Dkt. 56; *see Huckabee* Compl. ¶¶ 113–33.)  Nothing in that order would prevent plaintiffs from pursuing any well-pled state law claims—which arise out of the same facts and circumstances as their federal copyright claims—before Judge Chhabria in N.D. Cal.

[2] "The balance of convenience analysis under Section 1404 largely mirrors the test used to determine whether the convenience exception to the first-filed rule applies." *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 n.1 (S.D.N.Y. 1999).

Hon. Lorna G. Schofield, p. 3

the existence of the First-Filed Suit alone justifies transfer, as courts "consistently recognize that the existence of a related action in the transferee district" can be the "decisive" factor under Section 1404(a). *McGraw-Hill Cos. Inc. v. Jones*, 2014 WL 988607, at *10 (S.D.N.Y. Mar. 12, 2014); *see also Teva*, 2017 WL 11557018, at *3 ("[I]ssues of judicial economy and avoiding inconsistent results in related actions can be decisive, even when most other factors would ordinarily sustain a plaintiff's choice of forum."). In any event, the remaining considerations only support transfer: as discussed above, Meta is headquartered in N.D. Cal., *no* plaintiff resides in New York, and none of Meta's purported conduct allegedly occurred in New York.[3]

In sum, the interests of judicial economy and efficiency overwhelmingly support the transfer of all claims against Meta to N.D. Cal., where the court has already ruled on Meta's initial motion to dismiss, consolidated *Kadrey* and *Chabon* for all purposes, and opened discovery (*Kadrey* Dkts. 56, 62, 54). No circumstances exist to overcome the "strong presumption" in favor of transfer. *Oleg Cassini*, 2012 WL 844284, at *3; *see Teva*, 2017 WL 11557018, at *2 ("[I]t is difficult to imagine a more extravagantly wasteful and useless duplication of time and effort than for multiple suits involving the same product ... to proceed in different districts."). Meta looks forward to working with plaintiffs and the Court to finalize the agreed-upon severance and transfer in accordance with the caselaw above.

Respectfully submitted,

/s/ Angela L. Dunning
Angela L. Dunning
Cleary Gottlieb Steen & Hamilton LLP
*Counsel for Meta Platforms, Inc.*

cc: Counsel of Record (via ECF)

---

[3] Although not a party to *Kadrey*, Microsoft Corporation ("Microsoft") has been named as a defendant in this case based on some unspecified involvement in the training or development of Meta's LLaMA model (Compl. ¶¶ 57, 61, 77); hence, the claims against Microsoft also overlap with those asserted in the First-Filed Suit. Further, Microsoft is a resident of the State of Washington (not New York) and is not alleged to have committed any relevant acts in New York. (*Id.* ¶ 29.) Meta understands that Microsoft supports the relief sought herein and will consent to jurisdiction and venue in N.D. Cal. for purposes of plaintiffs' claims. Conversely, Bloomberg, L.P. and Bloomberg Finance, L.P. maintain that the claims against them—which bear no connection to those against Meta and Microsoft—should proceed in New York, where the Bloomberg defendants reside. (*Id.* ¶¶ 26, 67–68.) The claims alleged against Meta are likewise independent from those against EleutherAI Institute, and plaintiffs have agreed to dismiss EleutherAI from this suit. Severing and transferring to N.D. Cal. all claims against Meta and Microsoft would not disrupt plaintiffs' ability to continue this action against the Bloomberg defendants or any other defendants properly before the Court. *See Wyndham Assocs. v. Blintiff*, 398 F.2d 614, 618 (2d Cir. 1968) (confirming that "severance may be ordered solely for the purpose of facilitating transfer" and holding that "where the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants").