**DICELLO LEVITT LLP**
BRIAN O. O'MARA (229737)
4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel. 619/923-3939
briano@dicellolevitt.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE HUCKABEE, *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> META PLATFORMS, INC., *et al.* <br><br> Defendants. | Case No. No. 4:23-cv-06663-VC <br><br> **STIPULATION OF DISMISSAL WITHOUT PREJUDICE & TOLLING AGREEMENT** |

1        WHEREAS Plaintiffs Mike Huckabee, Relevate Group, David Kinnaman, Tsh Oxenreider,
2   Lysa Terkeurst, and John Blasé, on behalf of themselves and all others similarly situated,
3   commenced the above-captioned action with the filing of a Complaint on October 17, 2023, in the
4   United States District Court for the Southern District of New York, against Defendants Meta
5   Platforms, Inc. ("Meta"), Bloomberg L.P., Bloomberg Finance, L.P., Microsoft Corporation
6   ("Microsoft"), and The EleutherAI Institute;

7        WHEREAS Plaintiffs, Meta, and Microsoft stipulated to severing all of Plaintiffs' claims
8   against Meta and Microsoft and transferring those claims to the United States District Court for
9   the Northern District of California, pursuant to 28 U.S.C. §1404(a) and Rule 21 of the Federal
10  Rules of Civil Procedure;

11       WHEREAS the United States District Court for the Southern District of New York so
12  ordered the above-referenced stipulation on December 27, 2023, and directed the clerk of the court
13  to sever Plaintiffs' claims against Meta and Microsoft and transfer those claims to the United States
14  District Court for the Northern District of California, which accepted the transfer and assigned the
15  case to the above-captioned case number (the "Action");

16       WHEREAS neither Meta nor Microsoft has filed a motion to dismiss or any other
17  responsive pleading in the Action;

18       WHEREAS Plaintiffs and Microsoft have entered into the following agreement governing
19  tolling and other matters in exchange for Plaintiff's dismissal without prejudice of Microsoft from
20  the Action pursuant to the terms of the following agreement (hereinafter referred to as the
21  "Agreement");

22       WHEREAS, without admitting or denying the validity of any challenges Microsoft may
23  have to the Complaint in this action, Plaintiffs are willing to dismiss Microsoft from this action
24  without prejudice provided their rights to reinstate, join, or otherwise resume the Action or a
25  separate action against Microsoft are in no way prejudiced by reason of this Agreement;

26       IT IS HEREBY STIPULATED and AGREED, by and among counsel of record for
27  Plaintiffs and Microsoft, that:

28

1.    All claims asserted by Plaintiffs against Microsoft in the Action shall be dismissed, without prejudice, with each of the parties to bear their own costs and attorneys' fees.

2.    Plaintiffs reserve the right, in their sole discretion, to amend their Complaint or file a separate complaint against Microsoft to restore their claims against Microsoft, and Microsoft reserves its respective rights in its sole discretion to assert any defenses or counterclaims except as set forth herein. Neither Plaintiffs' dismissal of Microsoft nor Microsoft's agreement to the terms of this stipulation shall be asserted or construed to be a waiver of any claim or defense by Plaintiffs or Microsoft.

3.    Plaintiffs and Microsoft agree that the applicable statute(s) of limitations and/or repose for any claims asserted against Microsoft in the Action, as well as any equitable claim of laches, whether arising by contract, statute, common law or otherwise, which might be asserted by Microsoft in defense of any of the claims asserted against it in the Action, are hereby tolled and suspended from the date of this Agreement until 100 days from entry of a final judgment in the Action.

4.    If Plaintiffs file a complaint against Microsoft arising out of or relating to the Action and the allegations contained therein, or reinstate Microsoft in the Action by motion to join, amend, or otherwise, Microsoft agrees not to assert a defense of res judicata, collateral estoppel, claim preclusion, or issue preclusion based on, arising out of, or relating in any way to this Agreement and the fact that Microsoft was dismissed from the Action. Plaintiffs agree that nothing that occurs in the Action after the dismissal of Microsoft shall be imputed to or made binding against Microsoft in any future action, including through any doctrine of res judicata, collateral estoppel, claim preclusion, or issue preclusion.

5.    This Agreement shall not prevent Plaintiffs from obtaining discovery from Microsoft in the Action pursuant to the Federal Rules of Civil Procedure for non-parties, and Microsoft does not waive any rights it may otherwise have as a matter of law with respect to any such discovery.

6.    Neither Plaintiffs' dismissal of Microsoft, nor this Agreement, shall be construed as an admission of liability or wrongdoing by Microsoft or any infirmity in Plaintiffs' claims as

pleaded in the Complaint. Other than as set forth herein, by signing this Agreement, Microsoft does not waive any right to object to or defend against the Action or any related action on any ground; however, Plaintiffs' dismissal without prejudice of Microsoft shall not be used against Plaintiffs if Plaintiffs attempt to reinstate an Action against Microsoft.

7. This Agreement shall bind and benefit Plaintiffs and Microsoft and their respective successors, assigns, and legal representatives. This Agreement shall be construed under the laws of the State of California except to the extent that federal law applies.

8. This Agreement represents the entire agreement by and between Plaintiffs and Microsoft hereto on the subject matters contained herein, and supersedes any and all prior agreements and understandings. This Agreement may not be modified except by a writing signed by all of the Parties to be bound.

9. Each person signing this Agreement represents and warrants that he or she is expressly authorized and empowered to sign on behalf of and bind the Parties on whose behalf this document has been executed. If this Agreement is executed by counsel, counsel represents and promises that counsel is expressly authorized to execute this Agreement on behalf of the Party or Parties counsel represents.

10. For the purposes of resolving any disputes arising out of this Agreement, the Agreement shall be deemed to have been drafted by all Parties, none of whom may assert that it should be construed against the other.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

1 | Dated this 25th day of January, 2024.

2 | /s/ Brian O'Mara

3 | Plaintiffs

4 |

5 | Dated this 25th day of January, 2024.

6 | /s/ Jeffrey S. Jacobson

7 | Microsoft Corporation

8 |

9 | IT IS HEREBY ORDERED THAT Defendant Microsoft Corporation is hereby dismissed

10 | without prejudice pursuant to the terms of the foregoing stipulation.

11 |

12 | DATED: January 30, 2024

13 | Honorable Vince Chhabria